```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                  )
KELECHI LINARDON,                 )
        Plaintiff,                )
                                  )
        v.                        )    Civil Action No.
                                  )    19-cv-11687-NMG
SANDALY CASTILLO, et al.,         )
        Defendants.               )
                                  )
                                  )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

For the reasons set forth below, the Court denies without prejudice the motions for leave to proceed in forma pauperis and for protective order.

**I.   Background**

On August 5, 2019, Kelechi Lindardon, proceeding pro se, filed a civil rights complaint against two managers at Woodspring Suites, an extended stay hotel where plaintiff resides in Saugus, Massachusetts. The complaint is submitted on a pre-printed form and the "Jurisdiction" section of the complaint states that this action is brought pursuant to the Americans with Disabilities Act, the Civil Rights Act [42 U.S.C.] § 1983, "racial discrimination" and "disability hate crime." Complaint ("Compl."), ¶ II (A). The "Statement of Claim" section of the complaint states:

> Plaintiff is a nursing homecare disable[d] patient.
> Plaintiff suffered hate crime, abuse, [and] torture.
> Defendant violated the plaintiff['s] basic human rights,
> civil rights and civil liberty. Plaintiff suffered premise
> liability as a result of defendant['s] negligence.
> Defendants severely abused and harassed the plaintiff who
> is a nursing home disabled patient.

Id. at ¶ II (statement of claim). For relief, plaintiff states:

> As a result of Defendant[s'] severe abuse to the plaintiff,
> she suffered injuries which affected her disability.
> Plaintiff suffered physical injuries. Plaintiff suffered
> emotional distress. Plaintiff suffered defamation and
> slander to her name. Plaintiff suffered severe
> embarrassment and humiliation. Plaintiff is seeking for
> the Court to order to pay for the damages suffered and to
> immediately cease from abusing the plaintiff.

Id. at ¶ IV (relief).

With the complaint, plaintiff filed an Application to Proceed in District Court without Prepaying Fees and Costs. See Docket No. 3. She also filed a Motion seeking an emergency protection order from harassment and bullying. See Docket No. 2.

**II. Plaintiff's Motion for Leave to Proceed in forma pauperis**

Under federal law, a person seeking to proceed in forma pauperis must submit an affidavit that includes "a statement of all assets such [person] possesses," showing that "the person is unable to pay such [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). One does not have to be "absolutely destitute" to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Rather, the litigant must show she cannot pay the filing fee "and still be

able to provide [herself] and dependents with the necessities of life." Id.

Here, plaintiff has failed to provide a complete statement of her assets. In the Application to Proceed in District Court without Prepaying Fees and Costs, Lindardon indicates that she is "disabled on SSDI income." App. at 1. However, she fails to state the amount that she received, what she expects to receive and whether she received income from other sources. Id.

Although the Court assumes that plaintiff's response to Question 4 is meant to indicate that she has annual SSDI income of $12,000 or more, she does not state how much money she has in cash or in a bank account. Id. at 2. Although she describes the property that she owns, such as an automobile and retirement account, she fails to disclose the value of her property. Id. She also fails to describe and provide the amount of her monthly expenses and credit card debt. Id.

Without this information, the Court cannot ascertain whether plaintiff is unable to pay the filing fee. Accordingly, the Court will deny without prejudice the Application to Proceed in District Court without Prepaying Fees and Costs.

**III. Plaintiff's Motion for Emergency Protection Order**

To merit a preliminary injunction, plaintiff must show: (1) a reasonable likelihood of success on the merits; (2) that she will likely suffer irreparable harm in the absence of the

injunction; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. Bruns v. Mayhew, 750 F.3d 61, 65 (1st Cir. 2014).

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. Fed. R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Id. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, she must also show the reasons why notice to the party to be enjoined should not be required. Id. 65(b)(1)(B). In ruling on a motion for either a preliminary injunction or temporary restraining order, the Court must consider: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effects that the injunction or its denial would have on the public interest." Diaz-Carrasquillo v. Garcia-Padilla, 750 F.3d 7, 10 (1st Cir. 2014). Although there are four factors, likelihood of success on the merits is the foremost consideration. Esso Standard Oil

Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

As best can be gleaned from her motion for an emergency protection order, plaintiff explains that she is a "nursing disabled patient on a wheelchair" and that she resided for over one year at Woodspring Suites. Mot. at 1. She explains that defendant Castillo is a manager of the property and states that she is the victim of "unlawful harassment and bullying torture" which has occurred many times just in the month of June and July 2019. Id. Plaintiff's motion recounts several incidents, when management staff would enter plaintiff's room forcefully without notice. Id. at 2. In her motion, plaintiff states that she seeks an "injunction because [she fears] for her safety, and it is an imminent life danger and debilitating health condition which they need to stop." Id. at 4. Plaintiff states that if defendant Castillo is "not legally ordered by the court to cease or stop these serious acts of harassment, bullying and abuse to a home care nursing disabled person, that she is going to continue to purposely torture and traumatize a person with severe disability." Id. at 5.

The Americans with Disabilities Act ("ADA") provides for protection against discrimination based upon disability. 42 U.S.C. § 12101 et seq. In the ADA, Congress set forth prohibitions against disability-based discrimination in public

services furnished by governmental entities (Title II[1]) and public accommodations provided by private entities (Title III[2]). Certain private entities are considered public accommodations for the purposes of the ADA, such as "an inn, hotel, motel, or other place of lodging ...," 42 U.S.C. § 12181(7). Here, because the allegations are made against the managers of a hotel, the Court considers the allegations under Title III (public accommodations). However, an individual is not liable under Title III of the Americans with Disabilities Act and accordingly, the complaint fails to state an ADA claim against the managers.

Additionally, 42 U.S.C. § 1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations. Goldstein v. Galvin, 719 F.3d 16, 24 (1 Cir. 2013) (citing Rehberg v. Paulk, 566 U.S. 356, 360 (2012)). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247-48

---

[1] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.
[2] Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

(1st Cir. 2012); American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The defendants, as employees of a private hotel, would not fall under the "color of state law" within the meaning of Section 1983.

Here, because the complaint fails to state a claim under federal law, plaintiff cannot demonstrate a likelihood of success and a preliminary injunction will not issue. See, e.g., Hicks v. Ryan, No. 13-cv-10709-RGS, 2013 WL 1992679, at *15 (D. Mass. May 9, 2013).

## IV. Order

In light of the foregoing, the Court hereby orders:

1. Plaintiff's motion for an emergency protection order is denied.

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees and Costs is DENIED WITHOUT PREJUDICE. If plaintiff wishes to pursue this action, she must, within 21 days of the date of this order, pay the $400 filing fee or file a renewed Application to Proceed in District Court without Prepaying Fees and Costs. Failure to comply with this directive may result in dismissal of the action without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: August 12, 2019